[No. 21300.   Department Two.   September 14, 1928.]

FRED J. SHARKEY, *Respondent,* v. PERRIN CORNELL
*et al., Appellants.*[1]

*Corbin & Kemp,* for appellants.
*C. B. Hughes* and *LeRoy McCann,* for respondent.

BEALS, J.—The defendant H. M. Finch in the course
of his endeavors to promote the installation of a water
system for the East Wenatchee Domestic Water As-
sociation, a corporation (hereinafter referred to as
the Association), and to float the bond issue from the
sale of which the funds necessary to install the water
system were to be derived, entered into a contract with
the Association (designated in the contract as party

Reported in 270 Pac. 293.

of the first part), by the terms of which it was agreed that Mr. Finch would endeavor to promote the scheme in consideration of the payment to him of a sum equal to thirteen per cent of the total note or bond issue. The defendant Perrin Cornell was, at the time of the execution of this contract, jointly interested with defendant Finch in the subject-matter thereof.

Something over thirty days after the execution of this contract, the defendants Cornell and Finch entered into an agreement with the plaintiff, Fred J. Sharkey, which agreement reads as follows:

"Messrs. Cornell and Finch,   July 14th, 1926. First National Bank Building, Wenatchee, Wash.

"Dear Sirs: I hereby agree to make up the plans and specifications for the water system for the East Wenatchee Domestic Water Association, and assist in the awarding of the contract or contracts, for two and one-half per cent (2½%) of the complete bonds issued. Contract price as above is understood to be the bid of the lowest responsible bidder, as shown by the said bidder's ability to furnish bond for the work.

"The above fee is agreed to be due and payable at the time of opening bids. It is understood, however, that in the event the system is not built, or that the system is financed independently of you, the fee for the work is to be the actual expense involved in making of plans and specifications, including the cost of preliminary surveys, and is not to exceed three hundred dollars ($300).   Very truly yours,
  "(Signed) Fred J. Sharkey, Engineer.

"The above terms and conditions for the engineering work in connection with plans and specifications for East Wenatchee Domestic Water Associations water system, are hereby accepted this......day of July, 1926.   (Signed) Perrin Cornell
  "(Signed) Howard M. Finch."

Pursuant to this agreement, plaintiff prepared the plans and specifications for the water system and did

everything which he agreed in his contract with defendants that he would do. The Association, in the course of a few weeks, desiring to be released from its agreement with defendants, entered into negotiations with them looking towards the release by all parties concerned of any obligation to them on its part. The officers of the Association were aware that plaintiff had prepared plans and specifications, and were desirous of obtaining the same for use in the installation of the system which they intended to construct through the agency of persons other than defendants. The Association also knew that Martin H. Easton had rendered certain legal services in connection with the services performed by defendants. The negotiations between the Association, on the one hand, and the parties interested on the other, culminated in a contract dated September 2, 1926, reading as follows:

"THIS AGREEMENT, entered into this 2nd day of September, 1926, by and between Howard Finch, Perrin Cornell, Martin H. Easton and Fred Sharkey, as first parties, and the East Wenatchee Domestic Water Association, as second party, WITNESSETH:

"THAT WHEREAS, negotiations have heretofore been pending between the parties, whereby the first parties were to assist in the financing and engineering work required for the construction of a domestic water system to be owned by the second party; and

"WHEREAS, it has been agreed between the respective parties hereto that negotiations so pending are to stop and any and all agreements existing between the respective parties with reference to the construction or financing of said water system are to be cancelled;

"Now THEREFORE, It Is AGREED by and between the parties hereto that, in consideration of the payment by the second party to the first parties of the sum of two thousand dollars ($2,000) and other good and valuable consideration, the first parties do hereby jointly and severally release the second party from any and all obligations and liability arising by virtue

of all contracts between the parties, either verbal or in writing, and any and all claims and demands of every kind and character whatsoever of the first parties or any of them against the second party.

"It is further understood and agreed that, in consideration of the release by the first parties of any liability or claim against the second party, that the second party does hereby release the first parties from any and all contracts with reference to the construction, financing or engineering of said water system and any and all claims or demands of any kind or character whatsoever that the second party may have against the first parties.

"It is further understood that Fred Sharkey, one of the first parties, will supply to the second party all of the data, including the plans and specifications prepared by him or under his supervision, to be used in connection with the water system, the construction of which is being planned by the second party.

"It is the understanding and intent of this agreement that, in consideration of the payment made by the second party to the first parties and the mutual release of liability between the parties, that any and all contracts of every kind and character whatsoever now existing between the parties and any and all claims, demands or liability of any kind and character whatsoever are hereby cancelled, released and discharged.

"In Witness Whereof, this agreement has been executed by the parties of the first part and by the second party through its duly authorized officers the day and year first above written.

Howard M. Finch,<br>
Perrin Cornell,<br>
Fred J. Sharkey,<br>
Martin H. Easton,

East Wenatchee Domestic Water Association,
(Seal)            By Ralph Ramaker, President.
Attest:  A. L. Larse, Secretary.''

Pursuant to this agreement, plaintiff delivered the plans and specifications which he had prepared, the Association paid to defendants the sum of two thou-

sand dollars, and defendants paid to plaintiff the sum of three hundred dollars, claiming that he was entitled to this sum and no more by reason of the fact that, in his letter to them, dated July 14, 1926, he had agreed that, if the water system should be financed independently of defendants, he would accept, as full compensation for his services, a sum not to exceed three hundred dollars. It seems to be undisputed that the water system was to be constructed but was to be financed independently of defendants, and that they received no profit or compensation save the two thousand dollars paid pursuant to the contract of September second. Plaintiff, believing that he was entitled to fifteen hundred dollars of the two thousand dollars paid, instituted this action which resulted in a judgment in his favor for twelve hundred dollars, being the amount he claimed, less the payment of three hundred dollars. From this judgment defendants appeal.

Appellants first assign error in that the trial court overruled their demurrer to respondent's complaint. The complaint alleges at length the history of the transactions between the parties, and sets forth in full the original agreement between the Association and Mr. Finch, respondent's offer to appellants under date of July fourteenth and the contract of September second. It also contains allegations to the effect that appellants requested respondent to deliver to the Association the data which he had prepared in consideration of the participation by respondent in the division of the two thousand dollars to be paid by the Association; the acquiescence of respondent is also alleged, as is his subsequent joining in the contract of September second and the delivery of his plans and specifications. We are satisfied that the complaint

states a cause of action, and that appellants' demurrer thereto was properly overruled.

Appellants' other assignments of error go either to the admission of testimony which, appellants claim, was improperly received over their objection, or to the judgment of the court rendered in respondent's favor.

As to the facts, respondent claims, in the first place, that he rendered greater and more extensive services than he originally agreed to render, and that the data which he prepared was more complete and comprehensive than was originally contemplated, and he bases his claim for the compensation which he seeks, in part at least, upon such alleged extra services. We find no support in the record for this claim on the part of respondent, and we consider the questions presented on this appeal upon the basis that respondent performed no more services than he was required to perform under his agreement of July fourteenth. It is, however, manifest that respondent was under no obligation whatsoever to turn over to the Association or anyone else the plans and specifications which he had prepared; these contained information and data of value which the Association desired to own and stipulated in the contract of September second that it should receive. We are satisfied that the delivery of this material to the Association constituted a considerable portion of the consideration moving to the Association for which the two thousand dollars was paid.

After careful consideration of all the evidence, we hold that the proposal to respondent that he turn over to the Association the data which he had prepared and which he was no wise obligated to turn over to anyone, constituted, when he agreed to deliver the same, a modification of his prior agreement to accept three

hundred dollars for his work, in case the water system should be financed independently of appellants. This left the division of the consideration paid by the Association, pursuant to the contract of September second, open to the subsequent agreement of the parties; or, if they failed to agree, to judicial determination. The parties, having failed to agree, submitted their dispute to the proper tribunal, which, from the record before us, we believe rightly determined the controversy.

In regard to appellants' contention that certain testimony was improperly admitted by the trial court, it is sufficient to say that the action was tried by the court without a jury, and we are satisfied that there is sufficient competent testimony in the record, excluding from consideration any evidence improperly admitted, to sustain the judgment of the trial court.

The judgment of the superior court is affirmed.

HOLCOMB, MAIN, and ASKREN, JJ., concur.